W. W. FIELD, Respondent, v. J. A. WOLFORD, Appellant.

Kansas City Court of Appeals, June 8, 1908.

REAL ESTATE BROKER: Commission: Contract: Novation: Evidence. A landowner, a broker and a purchaser made a contract for the sale of the owner's land, containing a provision that if another broker made a demand for his commission the contract was to be void. The other broker demanded his commission. The landowner thereupon with the consent of all parties endorsed on the old contract "this contract is void by virtue of a new contract of November 18." This new

contract was a copy of the old one, leaving out the provision about the commission. *Held,* that the landowner, instead of annulling the contract as he might, carried out the contract and the broker was entitled to his commissions.

Appeal from Daviess Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

AFFIRMED.

*G. B. Jennings* and *John C. Leopard,* for appellant, filed argument.

*Boyd Dudley* and *J. A. Selby* for respondent.

(1)  It is the law that a real estate broker earns his commission when he produces to his principal, a buyer, who is able, ready and willing to buy upon the terms at which the broker is authorized to sell.  Brown v. Smith, 113 Mo. App. 59; Goodson v. Embleton, 106 Mo. App. 77; Finch v. Trust Co., 92 Mo. App. 263; Finley v. Dyer, 79 Mo. App. 604; Huggins v. Hearne, 74 Mo. App. 86; Chipey v. Leathe, 60 Mo. App. 15; Gelatt v. Ridge, 117 Mo. 553; Sallee v. McMurry, 113 Mo. App. 264; Reiger v. Merrill, 125 Mo. App. 541.  (2) Where property is in the hands of several agents, the commission belongs to the agent who is the procuring cause of the sale.  Wright v. Brown, 68 Mo. App. 577; Brennan v. Roach, 47 Mo. App. 290; Holland v. Vinson, 124 Mo. App. 417; Henkle v. Dunn, 97 Mo. App. 671. (3)  It is also settled that the agent is entitled to his commission if he is the procuring cause of the negotiation which resulted in the sale, even though the agent does nothing more than bring the parties together for the purpose of negotiating and the negotiations are afterwards conducted and concluded by the principal in person.  Gelatt v. Ridge, 117 Mo. 553; Timberman v. Craddock, 70 Mo. 638; Tyler v. Parr, 52 Mo. 249; Bell v. Kaiser, 50 Mo. 150; Wright v. Brown, 68 Mo. App.

577; Brennan v. Roach, 47 Mo. App. 290; Sallee v. Mc-Murry, 113 Mo. App. 264; Reiger v. Merrill, 125 Mo. App. 541; Jones v. Berry, 37 Mo. App. 130. (4) He is also entitled to his commissions even though the final negotiations were conducted without his knowledge and the owner in order to make a sale, was compelled to vary his original price and terms. Bell v. Kaiser, 50 Mo. 150; Beauchamp v. Higgins, 20 Mo. App. 514; Crone v. Trust Co., 85 Mo. App. 607; Witzel v. Wagoner, 41 Mo. App. 576; Wright v. Brown, 68 Mo. App. 582; Trust Co. v. Niggeman, 119 Mo. App. 60; Gelatt v. Ridge, 117 Mo. 561; Glade v. Min. Co., 107 S. W. 1005.

ELLISON, J.—This action is to recover commission on the sale of real estate which plaintiff claims to have made for defendant as his agent. The judgment in the trial court was for the plaintiff.

Defendant lived in Shenandoah, Iowa, and owned a farm in Daviess county, this State, which he desired to sell. He authorized plaintiff and also the firm of Weldon Brothers to sell it. Each of these made effort to sell it at different times to Dr. Burtch, and defendant knew of these efforts. Finally, on November 14, 1904, plaintiff and Burtch went to defendant's home and on that day a written contract of sale was made at a slightly reduced price from former offers. Five hundred dollars was to be paid in cash, five hundred in December following and balance of $11,750 was to be paid in following March. But defendant, fearing Weldon would demand a commission and not wanting to pay two parties, inserted in the contract, with plaintiff's consent, the following proviso or condition, viz.: "This contract to be void in case Weldon makes contention for a commission on account of sale." Weldon did demand a commission. Thereupon, four days after the contract was executed, defendant and Burtch apparently dropped the first writing, defendant endorsing on it

"this contract is void by virtue of new contract of November 18th, 1904," drew up another, of that date, in identical terms of the first, except that the condition as to its being void if Weldon claimed a commission, was omitted.

Defendant's contention, as stated by him, is that as the contract of November 14th contained the condition avoiding it if Weldon claimed a commission, which condition was inserted therein with plaintiff's knowledge and consent; and as Weldon did claim a commission and notified defendant and Burtch, and they thereupon declared the first contract void and entered into a new one of November 18th, plaintiff was, in consequence, not entitled to his claim.

We would not find it difficult to agree to the view presented by defendant if such view was supported by the fact. The condition was inserted in the contract with plaintiff's consent and for defendant's benefit, to protect him against the worry or loss which might follow a claim for commission by Weldon. When that claim was made defendant had a right to annul and abandon the contract and to declare the deal at an end. But he did not do so; he carried out the identical contract. The only thing new about it was the paper upon which it was rewritten. Not a change in the situation occurred; even the cash of $500 which had been deposited was not returned to Dr. Burtch when the first paper was discarded, notwithstanding a provision therein that it was to be returned if the contract should become annulled.

Under the law as shown in the brief of counsel plaintiff earned his commission; and so far as the presentation of the case discloses, he is entitled to a commission unless cut out by annulling the contract of sale which he brought about, and we have shown that that was not done. We therefore do not think it would be fair to allow the bare fact of transcribing the con-

tract onto a new sheet of paper to have such unjust result, and such was doubtless the view of the learned trial judge.

The judgment is affirmed. All concur.